```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


Samson B. Slewion,               :
                                 :        CIVIL ACTION
          Plaintiff,             :
                                 :        NO. 10-CV-5325
     vs.                         :
                                 :
Norman Weinstein, et al.,        :
                                 :
          Defendants.            :
```

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                                    **August    6, 2012**

This legal malpractice action is presently before the Court for disposition of Defendants' Motion to Dismiss. For the reasons which follow, Defendants' motion is granted.

**Factual Background**

On July 19, 2004, during a business trip, Vonda Williams, an employee of Horton's Inn, struck Plaintiff Samson B. Slewion on the forehead with a fire extinguisher. Plaintiff hired the law firm of Weinstein, Scheifer, and Kupersmith, P.C. to represent him in a personal injury tort action against Williams, Mantel Horton, and Horton's Inn. On September 9, 2005, the Weinstein law firm prepared a "major jury complaint" and "asked Plaintiff to sign the verification of the complaint without giving a copy of the complaint to Plaintiff for observation." Compl. ¶ 3. Plaintiff alleges that his attorneys—Norman Weinstein, Charles Schleifer, and Richard Kupersmith (hereinafter "Defendants")—went

1

against his wishes, misled him, and instead of seeking a jury trial as he had requested, pursued arbitration with a potential maximum award of only $50,000. The arbitration panel subsequently awarded Plaintiff the full $50,000; Defendants allegedly refused Plaintiff's request to exercise his right to a de novo appeal.

The Court takes judicial notice of the factual and procedural record from this case's origin in the Pennsylvania Court of Common Pleas, which is a matter of public record. See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (citing Lum v. Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004)). This docket indicates that on January 15, 2009 Defendants filed a Motion to Withdraw Appearance in the Pennsylvania Court of Common Pleas, which Judge Dinubile granted on February 17, 2009. See Defs.' Mot. Ex. J, "Slewion v. Horton's Inn, et al. Docket Report," Doc. No. 13-10. Rather than secure new counsel, Plaintiff proceeded *pro se*. Id. He filed an appeal of the arbitration award but ultimately a judgment of *non pros* was entered against Plaintiff on January 14, 2010 because "Plaintiff failed to appear." Id.

### Procedural History

Plaintiff filed a Complaint in this Court for legal malpractice against his attorneys on October 22, 2010. Thereafter, on January 25, 2011, Defendants filed a 12(b)(1) Motion to Dismiss for lack of subject-matter jurisdiction. This Court determined that there is diversity jurisdiction under 28

2

U.S.C.A. § 1332(a), as Plaintiff is a citizen of Liberia and Defendants are citizens of the United States. Accordingly, we denied Defendants' Motion. Instead of filing an answer pursuant to Fed. R. Civ. P. 12(a)(4)(A), on July 20, 2011, Defendants filed another Motion to Dismiss, this time under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has vehemently argued that Defendants violated the Rules by filing the present Motion instead of an answer. We agree that Defendants' actions have been woefully inefficient. Yet, even though Defendants could have raised the present arguments in their initial Motion, Defendants did not waive their right to raise a 12(b)(6) defense by failing to do so at that time. See Fed. R. Civ. P. 12(h).

### Standards Governing Motions to Dismiss

In considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) a court must consider only those facts alleged in the complaint and must accept all of the allegations as true. ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). A motion to dismiss may only be granted where the allegations fail to state any claim upon which relief could be granted. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The standard of review for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss requires that the complaint be read in the light most favorable to the plaintiff, taking all well-pleaded, material

allegations in the complaint as true. Estelle v. Gamble, 429 U.S. 97, 99 (1976).

However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's Rule 8 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Moreover, a *pro se* litigant's complaints should be liberally construed. Higgs v. Att'y Gen. of the United States, 655 F.3d 333, 339 (3d Cir. 2011). The complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106).

### **Discussion**

In order to recover damages in a legal malpractice claim under Pennsylvania law, a plaintiff must establish three elements: "(1) employment of attorney or other basis for duty; (2) failure of attorney to exercise ordinary skill and knowledge; and (3) attorney's action was the proximate cause of the damage to plaintiff." Steiner v. Markel, 968 A.2d 1253, 1255 (Pa. 2009)(citing Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa.

1998)).  A plaintiff must also file a Certificate of Merit ("COM") with the complaint or within sixty days thereafter.  Pa. R. Civ. P. 1042.3. The COM must state one of the following:

> (1) An appropriate licensed professional has opined in writing that there is a 'reasonable probability' that the care, skill, or knowledge associated with the treatment, practice or work of the defendant fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3.

The COM requirement is designed to promote judicial economy by deterring frivolous malpractice claims. See Womer v. Hilliker, 908 A.2d 269, 275 (Pa. 2006). Rule 1042.3 "expresses the substantive obligation for plaintiffs to file a certificate of merit as a condition of continuing a professional negligence suit, and the substantive right of the defendant to not have to defend a meritless suit." Abdulhay v. Bethlehem Med. Arts, L.P., No. 03-CV-04347, 2005 U.S. Dist. LEXIS 21785, at *23-24 (E.D. Pa. Sept. 27, 2005). As such, Rule 1042.3 is a substantive rule, not simply a procedural requirement. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 261 (3d Cir. 2011). As a federal court sitting in diversity, we must apply the Pennsylvania COM requirement in the instant case. Id.; Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). Furthermore, a *pro se* litigant's ignorance of

or mistaken assumptions about the requirements of Rule 1042.3 cannot serve as a reasonable excuse for failing to file a timely COM. Perez v. Griffin, 304 F.App'x 72, 74-75 (3d Cir. 2008).

Although nearly two years have passed since Plaintiff filed his complaint, he has yet to file a COM in accordance with Rule 1042.3. See Perez, 304 F.App'x at 74-75. Plaintiff has not indicated that he intends to proceed without expert testimony, or that such testimony is unnecessary to advance his claims. See Liggon-Redding, 659 F.3d at 265. Even after Defendants raised this matter before the Court, Plaintiff took no steps to account for his failure to file a COM. Plaintiff has not provided a "reasonable excuse" for his noncompliance, and cannot avail himself of any possible equitable exception to the COM requirements. Compare Booker v. United States, 366 F.App'x 425, 429 (3d Cir. 2010) (allowing the untimely filing of a COM pursuant to the "substantial compliance" doctrine where the plaintiff had already located a qualified physician, compiled his medical records, and filed the necessary requests for time extensions, thereby meeting the technical requirements of Rule 1042.3) with Womer, 908 A.2d at 279 (finding that the plaintiff was not entitled to an equitable exception for substantial compliance because he made no attempt to provide the court with information required by Rule 1042.3).

Under Pa. R. Civ. P. 1042.6, a plaintiff's failure to comply with the COM requirements entitles the defendant to direct the

6

prothonotary to enter a judgment *non pros* against the plaintiff. The plaintiff may then seek relief from the judgment *non pros*, by filing a request to strike or open the judgment. See Pa. R. Civ. P. 3051. Whereas Rule 1042.3 is a substantive regulation, these state procedures are not applied in federal courts. See Abdulhay, 2005 U.S. Dist. LEXIS 21785 at *23. However, federal courts "have held that the entry of a judgment *non pros* is . . . the equivalent of a dismissal without prejudice, and is not fatal to the plaintiff's suit so long as his claims are not time-barred" by the statute of limitations. Booker, 366 F. App'x at 427. See, e.g., Stroud v. Abington Memorial Hospital, 546 F.Supp. 2d 238, 249 (E.D. Pa. 2008); Scaramuzza v. Sciolla, 345 F.Supp. 2d 508, 510-11 (E.D. Pa. 2004).

In the present case, it would be futile for the Court to dismiss without prejudice since the statutory period has lapsed. See 42 Pa.C.S. § 5524(7). Plaintiff's alleged injury occurred when Defendants refused to appeal Plaintiff's $50,000 arbitration award sometime around December 2008 to January 2009. Moreover, based on the public record, it appears Plaintiff was able to exercise his right to appeal the arbitration award in the personal injury suit despite the alleged misconduct of his former attorneys. See Defs.' Mot. Ex. J, at Docket Entries Jan. 7-9, 2009, Doc. No. 13-10.

## **Conclusion**

Plaintiff has not adequately submitted a Certificate of Merit under the substantive rules provided by Pa. R. Civ. P. 1042.3. Accordingly, Defendants' Motion to Dismiss is granted, and we dismiss this case with prejudice.